OPINION
Defendant-appellant, John P. Mault, d.b.a. Rollerland Skating Rink ("Rollerland"), appeals from the judgment of the Seneca County Court of Common Pleas entered upon a jury verdict in favor of plaintiff-appellee, Marian E. Slick, in the amount of $30,000.
Appellee's negligence claim arises out of a fall that occurred at Rollerland on January 23, 1998. Appellee had taken her great-grandson skating there and she fell on a step when going to the snack bar with him. Appellee fractured her right wrist in the fall.
The case proceeded to a jury trial and the jury awarded appellee $30,000 in damages. Rollerland now appeals and asserts the following assignment of error:
 In an abuse of its discretion, the trial court reversibly erred when it sustained plaintiff's objections to defendant's cross-examination of the plaintiff, regarding plaintiff's failure to mention the lighting conditions as a cause of her fall, in a prior sworn deposition filed with the court, wherein said filed deposition, plaintiff was specifically asked to describe her alleged fall at the Rollerland Skating Center, and also was specifically and repeatedly asked what happened.
 As plaintiff's trial testimony pertained primarily to the lighting conditions as the proximate cause of her fall, the trial court abused its discretion in denying the defendant's line of questioning pertaining to the plaintiff's failure to mention the highly relevant lighting conditions at her deposition, thereby resulting in harmful prejudice to the defendant.
The record in this case reflects that on direct examination appellee explained the cause of her fall was that the lights had been dimmed and that she tripped over a step which she had not seen. On cross-examination, Rollerland's counsel sought to then establish that in prior deposition testimony appellee did not describe or mention the lighting conditions as the cause of her fall. In its sole assignment of error, Rollerland claims that the trial court abused its discretion when it sustained appellee's objection to this line of questioning on cross-examination.
We believe that appellee's prior deposition testimony was not necessarily inconsistent with her trial testimony and the pleadings, which both set forth specific facts that the diminution in the lighting was a proximate cause of her fall. The complaint stated that as appellee was walking to the concession area, "the lights were dimmed and/or turned off, without warning. Following the decrease in lighting, Plaintiff fell on a step, suffering serious and permanent injury." The deposition reveals that appellee described the event by starting with the fact that she watched her great-grandson skating, that they went to get him a pop and that she tripped and fell over the third step. The appellee did not mention and was not asked in questioning as to "why she fell" or "what caused her to fall" even though the record demonstrates that Rollerland was on notice that in her complaint appellee alleges that the lighting was a proximate cause of her fall.
We note that a trial court has broad discretion in the admission or exclusion of evidence, and absent an abuse of discretion that materially prejudices a party, its decision will not be reversed. Krischbaum v. Dillon (1991), 58 Ohio St.3d 58,66. Given the foregoing, we find that the trial court did not abuse its discretion by excluding the evidence at issue in this case. We therefore overrule Rollerland's sole assignment of error.
Accordingly, the judgment of the trial court is hereby affirmed.
Judgment affirmed.
 HADLEY, P.J., and WALTERS, J., concur.